Everard *v.* Brennan.

---

# City Court.

*Special Term—April,* 1887.

## JAMES EVERARD *against* MICHAEL BRENNAN.

A member of assembly cannot be arrested on civil process during his
attendance at the session of the house to which he belongs. The
privilege extends during any adjournment until its next meeting,
not exceeding fourteen days; also for fourteen days prior to and
after the close of the session. The privilege is founded on public
policy.

As the court is powerless to enforce obedience to orders in supplement-
ary proceedings while this privilege exists, such orders should not

be made during this period, and if made, ought to be vacated as improvidently granted.

An order in supplementary proceedings was served upon the defendant, at the Grand Central Depot, while getting on the train for the State capitol, to attend to his official duties as a member of assembly from the Fifth District of this city. The defendant has failed to appear, or in plainer language has disobeyed the order. Counsel has appeared for him and urged the impropriety of the service.

McADAM, Ch. J.—The court is powerless to enforce obedience to its order, which proves that it should never have been made. The issuing of such orders tends to bring the courts into contempt, hence the practice is unwarranted. The only method of enforcing obedience is by attachment, and a member of the assembly cannot be arrested on civil process during his attendance at the session of the house to which he belongs (1 *R. S.* 6 ed. 504, § 6), also while going to or returning from such session *Id.*, § 7). The privilege extends after any adjournment of the legislature until its next meeting, when such adjournment shall not exceed fourteen days (*Id.*, § 8).

The defendant committed no contempt of court in neglecting to obey its order. He owed a higher duty to the State, and its performance could not be enjoined or prevented either by direct or indirect methods. The exemption is founded on grounds of public policy, and is not allowed out of any personal consideration for the officer. The privileges of the members are of so great importance that no man is allowed to plead ignorance of the persons of those who are entitled to them (*Cushing's Law of Leg. Assemblies*, § 554).

Exemption from legal process is one of the most important privileges of members of a legislative assembly (*Id.*, § 549). They are exempt from arrest on civil process (*Id.*, 558). The privilege of exemption from legal process

being intended to enable the members to give their attendance at the time and place appointed for their sitting, and to remain together for the purpose of performing their duties as members ; it is manifest, that to be commensurate with the purpose for which it was intended, the privilege must commence a sufficient time previous to the session to enable the members to attend in season, and must continue all the time of the sitting of the assembly, and, for the same reason which prevails in other cases of privilege, it ought also to continue for such a time after the termination of the sitting, as to enable the members to return to their homes (*Id.* § 579).

The Legislature has fixed this time at fourteen days. prior to the session, and fourteen days after its close (1 *R. S.* 6 ed. 504, § 7). The privilege of legislative bodies . is as old as the common law and older than Magna Charta (*Potter's Dwarris Stat.* 573).

Under these circumstances, the order was improvidently issued, and must be vacated, but without costs.